IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOHN LAWRENCE MONK, <br><br> Petitioner, <br><br> VS. <br><br> RICK THALER, Director <br> Texas Department of Criminal Justice, <br> Correctional Institutions Division <br><br> Respondent. | § <br> § <br> § <br> § <br> § <br> § NO. 3-09-CV-0961-P <br> § <br> § <br> § <br> § <br> § |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Petitioner John Lawrence Monk, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed on limitations grounds.

I.

On October 11, 2004, petitioner pled guilty to one count of aggravated sexual assault of a child and one count of indecency with a child. Punishment was assessed at 20 years confinement on each count. No appeal was taken at that time. Instead, petitioner filed an application for state post-conviction relief. The application was denied without written order. *Ex parte Monk*, WR-71,390-01 (Tex. Crim. App. Feb. 18, 2009). Petitioner then filed this action in federal district court.[1]

II.

In a single ground for relief, petitioner contends that he received ineffective assistance of counsel which resulted in an involuntary guilty plea.

---

[1] Petitioner also filed an untimely notice of appeal in state court. The appeal was dismissed on August 20, 2009. *See Monk v. State*, No. 11-09-00209-CR (Tex. App.--Eastland, Aug. 20, 2009).

Respondent has filed a preliminary response in which he argues that this case is barred by the AEDPA statute of limitations. Petitioner addressed the limitations issue in a reply filed on August 25, 2009. The court now determines that this case is time-barred and should be dismissed.

A.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *Id.* § 2244(d)(2). The AEDPA statute of limitations is also subject to equitable tolling in "rare and exceptional" circumstances. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999).

B.

Petitioner was sentenced to 20 years in prison for aggravated sexual assault of a child and indecency with a child. Judgment was entered on October 11, 2004, and no timely appeal was taken. Therefore, petitioner's conviction became final 30 days thereafter on November 10, 2004. *See* TEX. R. APP. P. 26.2(a)(1). Petitioner filed an application for state post-conviction relief on November 18, 2008. The application was denied on February 18, 2009. Petitioner filed this action in federal court on April 30, 2009.

The AEDPA statute of limitations started to run on November 10, 2004, when petitioner's conviction became final. *See* 28 U.S.C. § 2244(d)(1)(A). Yet petitioner waited more than *four years* before seeking habeas relief in state or federal court. Petitioner makes no attempt to excuse this delay. Instead, he reurges the merits of his claim and argues that an evidentiary hearing is required. (*See* Pet. Reply at 2-9). "Equitable tolling is not permitted merely because petitioner believes he is entitled to relief." *Johnson v. Quarterman*, No. 3-09-CV-0183-G, 2009 WL 1505255 at *2 (N.D. Tex. May 27, 2009), *citing Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001). Even a claim of actual innocence does not constitute a "rare and exceptional" circumstance sufficient to toll the AEDPA statute of limitations. *See, e.g. Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir.), *cert. denied*, 121 S.Ct. 622 (2000); *Garcia v. Dretke*, No. 3-05-CV-2334-B, 2006 WL 249951 at *3 (N.D. Tex. Jan. 11, 2006), *rec. adopted*, (N.D. Tex. Jan. 25, 2006), *COA denied*, No. 06-10264 (5th Cir. Sept. 12, 2006) (citing cases). Because petitioner has failed to establish a basis for statutory or equitable tolling, his federal writ should be dismissed on limitations grounds.

## RECOMMENDATION

Petitioner's application for writ of habeas corpus is barred by limitations and should be dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 21, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE